IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BERLIN SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONORABLE SYLVIA BURWELL, )<br>Secretary, Department of Health and )<br>Human Services Agency, )<br>)<br>Defendant. ) | CIVIL ACTION FILE<br><br>NO. 1:14-cv-3590-MHC-JSA |

## ORDER

On November 12, 2014, Magistrate Judge Justin S. Anand issued a Report and Recommendation [Doc. 2] that Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs [Doc. 1] be denied. Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation [Doc. 4].

The Court may authorize the commencement of a lawsuit without payment of fees and costs "by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit required by the statute

---

[1] Although Congress used the word "prisoner," § 1915 applies to non-prisoner litigants. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

must show an inability to prepay fees and costs without foregoing the basic necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

The Report and Recommendation concludes that "the level of Plaintiff's income and expenses is inconsistent with her claims that she is too impoverished to pay the filing fee and expenses in this case." [Doc. 2 at 2.] This conclusion was based, in part, upon Plaintiff's application showing an average monthly gross income of $5,715.00 and an average annual income of $68,580.00. [Doc. 1 at ¶ 1.] In her objection, Plaintiff states that she erred on her application, and that her average monthly income is actually $5,108.00, her total monthly income is $5,408.00, and her average annual salary is $66,646.00. See Pl.'s Obj. (hereinafter referred as "[Doc. 2]") at 2. That is hardly a significant difference from the amounts first presented to and considered by the Magistrate Judge.

Plaintiff now reports her total monthly expenses to be $5,343.00 instead of the average monthly expenses of $4,415.00 in her application [Doc. 2-4] but, frankly, her narrative and revisions are inconsistent and, in some circumstances, not credible. For example, her narrative reduces the monthly amount paid for private tutoring and haircuts for her children (from $440 to $125 per month) [see Doc. 4-4], but she increases that amount in her revised application to $515 by

adding "Internet" and "School lunch for son," when her narrative indicates that those monthly expenses are only $35 per month and $100.00 per month, respectively. [Compare Doc. 4-4 with Doc. 4-26.]

Next, Plaintiff explains here original reference to a $450 monthly car payment on a 1999 Honda Accord (which was understandably suspicious to the Magistrate Judge) as an error, and now claims that this is a monthly payment for a new 2014 "Honda Sport" that she purchased so that her oldest son would have transportation. [Doc. 4-3 & 4-6.] However, the actual documents attached to her objections reveal that the 1999 Honda was paid off in 2005 (contrary to what was represented in Plaintiff's original application) [Docs. 4-10 & 4-11]. It is not reasonable to believe that someone who is in a dire financial condition would choose to purchase a new 2014 Honda Accord for her child when many less expensive automobiles (both new and used) are available.

Plaintiff's estimate of her medical and dental expenses have increased from from her original estimate of $50.00 per month on her original application to $1,072.00 per month on her edited application. [Compare Doc. 1-4 to Doc. 4-25.] That amount is certainly supported by her bi-monthly pay stub [Doc. 4-8] but many of her other changes to her expenses are not explained.

3

Plaintiff also alleges that she borrows money from family "to sustain [her] cost of living" and that she expects that expenses will increase this year because of the need to repay student loans. [Doc. 4-6.] It does appear that Plaintiff will have additional expenses resulting from student loan payments. [Doc. 4-19.] Nevertheless, based on Plaintiff's not insignificant income and because of Plaintiff's inconsistent and, frankly, less than credible assertions about other expenses, this Court cannot conclude that Plaintiff is entitled to *in forma pauperis* status.

28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of costs; "rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." <u>Starrti v. United States</u>, 415 F.2d 1115, 1116 (5th Cir. 1969.) Plaintiff has been unable to show that her payment of fees and costs for the filing of her lawsuit would result in any undue hardship.

Accordingly, Plaintiff's objections to the Report and Recommendation are **OVERRULED** and the Magistrate's Report and Recommendation is **ADOPTED** as the Opinion and Order of this Court. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED**. Plaintiff is advised that she may pay the filing fee in installments of $100 per month until the filing fee

is paid in full. Plaintiff is further advised that she must make her first payment to the Clerk within fourteen (14) days of the date of this Order, and failure to make such payment may result in the dismissal of her complaint for failure to comply with an Order of this Court.

**IT IS SO ORDERED** this 8th day of January, 2015.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge